## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

ZP NO. 332, LLC,

      Plaintiff,

      v.

HUFFMAN CONTRACTORS, INC., *et al.*,

      Defendants.

Case No. 2:24-cv-611

### OPINION & ORDER

Defendant Huffman Contractors, Inc. ("Huffman") seeks dismissal of a claim that it breached a contract to construct a large, multi-family residential apartment complex. ECF No. 103. Huffman claims that the indemnification clause in that contract is void as a matter of public policy and, therefore, the claim must be dismissed. *Id.* at 2–3. Because the clause is not void in its entirety, the Motion is **DENIED**.

## I.    BACKGROUND

At this stage, the Court assumes that the facts alleged in the Amended Complaint are true. Huffman entered into a construction contract with the Plaintiff, ZP No. 332, LLC, ("ZP") the owner and developer of a multi-family apartment complex known as The Port at East Beach. ECF No. 62 ¶¶ 1–2. Huffman guaranteed performance of the project in that contract pursuant to certain general conditions, which ZP attaches to the Amended Complaint. *Id.* ¶ 16; ECF No. 62-1. But when

Huffman fell behind the contracted schedule and did not repair defects in its work, ZP terminated Huffman, per mutually agreed upon terms. *Id.* ¶¶ 17, 20, 22. After Huffman was terminated, ZP was not reimbursed for the costs, expenses, or damages resulting from Huffman's defective work and non-performance of the contract.[1] *Id.* ¶ 56.

On October 15, 2024, this case was removed from Norfolk Circuit Court. ECF No. 1. ZP filed an Amended Complaint on March 27, 2025. ECF No. 62. Huffman subsequently filed two different motions to dismiss Count I of the Amended Complaint. ECF Nos. 79, 103.[2]

## II.    LEGAL STANDARD

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Because this case reached the Court through diversity jurisdiction, the Court applies Virginia law to determine whether ZP's breach of contract claim survives. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941).

---

[1] Defendant Travelers Casualty and Surety Company of America was engaged as a surety for the project and took over once Huffman was terminated. ECF No. 62 ¶ 25.

[2] Before filing an amended version of this Motion, Huffman neither sought nor was granted leave to amend. ECF No. 103. That is a violation of E.D. Va. Civ. R. 7(F)(1). ("No further briefs or written communications may be filed without first obtaining leave of Court."). However, despite this procedural deficiency, the Court granted leave to amend at a status conference *sua sponte*. ECF No. 124.

## III.    ANALYSIS

In its Motion, Huffman argues that Virginia law prohibits the indemnification clause from serving as a basis for damages in the Amended Complaint.[3] ECF No. 103 at 2–3. The statute at issue is Virginia Code § 11-4.1:

> "Any provision contained in any contract relating to the construction . . . of a building . . . by which the contractor performing such work purports to indemnify or hold harmless another party to the contract against liability for damage . . . caused by or resulting solely from the negligence of such other party or his agents or employees, is against public policy and is void and unenforceable."

And the relevant clause of the contract between the parties reads:

> "To the fullest extent permitted by law, the Contractor shall indemnify, reimburse, hold harmless, and defend the Owner . . . from and against claims, damages, losses, and expenses, including, but not limited to, attorneys' fees (collectively a 'Loss'), arising out of or resulting from performance of the Work . . . regardless of whether such claim, damage, loss[,] or expense is caused in part by a party indemnified hereunder."

ECF No. 62-1 at 80–81.

Huffman is correct that Va. Code § 11-4.1 voids "any indemnification provision that reaches damage caused by the negligence of the indemnitee, even if the damage does not result solely from the negligence of the indemnitee." *Uniwest Const., Inc. v. Amtech Elevator Servs., Inc.*, 699 S.E.2d 223, 230 (Va. 2010). But the rest of the contract's indemnification clause makes clear that "[i]f the [w]ork is to be performed

---

[3] Although Huffman claims that this indemnification clause is relevant to breach in addition to damages and demand for attorney's fees, it offers no evidence to support that—and the Court finds no such support in the contract attached to the Amended Complaint either. ECF Nos. 103, 62-1.

in a state that prohibits any part of the indemnity coverage contained herein, the Contractor shall provide the maximum indemnity coverage allowed by that state to each of the Indemnified Parties." ECF No. 62-1 at 81. And by the contract's express terms, "[t]he invalidity of any part or provision of the Contract Documents shall not impair or affect in any manner the validity, enforceability, or effect of the remaining parts and provisions of the Contract Documents." *Id.* at 107. Therefore, the Court holds that the voided sentence of the clause does not affect the rest of that clause's validity, enforceability, and effect.

Even if the "damage caused by the negligence of the indemnitee" is not recoverable, there is still indemnity coverage available to ZP. *Uniwest*, 699 S.E.2d at 630. The contract in this action states that if the costs of finishing work on the project after the Huffman's termination exceeded an agreed-upon maximum price, then Huffman must immediately pay ZP the difference. ECF No. 62-1 at 105. The contract notes that the maximum price for the project was $31,272,000. *Id.* at 10. And ZP pleads that Huffman's breach led to tens of millions of dollars in damages to finish the work in addition to a host of other consequential damages that ZP alleges flow from the breach. ECF No. 62 ¶ 55. Given that, ZP sufficiently pleads damages sufficient for its breach of claim to survive.

4

## IV.    CONCLUSION

Accordingly, Defendant Huffman Contractors, Inc.'s Motion to Dismiss Pursuant to Virginia Code § 11-4.1 (ECF No. 103) is **DENIED**.[4]

**IT IS SO ORDERED.**

_____ /s/
Jamar K. Walker
United States District Judge

Norfolk, Virginia
June 16, 2025

---

[4] In its original and amended Motions to Dismiss, Huffman did not provide a supplemental brief explaining its arguments. ECF Nos. 79, 103. This is another violation of E.D. Va. Civ. R. 7(F)(1). ("All motions, unless otherwise directed by the Court . . ., shall be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies."). In its initial Motion and Response, Huffman repeatedly represented that a brief would be forthcoming. ECF No. 103 at 3 ("authorities and arguments to be detailed in Huffman's forthcoming Memorandum . . ."); ECF No. 119 at 2 n.1 ("Huffman has indeed intended to file briefs in further support its Motions from the start . . . ."). But even though the initial Motion to Dismiss was filed more than a month since the date of this Opinion and Order, no supplemental brief ever came.

However, despite the relatively simple legal issue presented in the Huffman's Motion, ZP's Response contained no substantive legal argument. ECF No. 113. Instead, it solely argued that the Motion should be procedurally dismissed or subject to a new briefing schedule. *Id.* at 3.

The Court is frustrated that the situation progressed to this place. As the litigation continues, the Court expects both parties to act in a manner that is consistent with the practices and decorum of this district. And while the Court agrees that Huffman violated the Local Rules and wants to make clear that it will not tolerate further violations of those rules, the Court expects *both* parties to consider what is an appropriate use of judicial resources, and indeed, their own resources going forward.