**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**ZP NO. 332, LLC,**

      **Plaintiff/Counter-Defendant,**

**v.**                                                            **Civil Action No. 2:24-cv-611**

**HUFFMAN CONTRACTORS, INC.,**

      **Defendant,**

**and**

**TRAVELERS CASUALTY AND**
**SURETY COMPANY OF AMERICA,**

      **Defendant/Counter-Plaintiff**
      **Third-Party Plaintiff,**

**v.**

**ATLANTIC UNION BANK,**

      **Third-Party Defendant,**

## OPINION & ORDER

This matter is before the court on Plaintiff ZP No. 332, LLC's ("ZP") Motion for Sanctions against Travelers Casualty and Surety Company of America ("Travelers") and Huffman Contractors, Inc. ("Huffman") for allegedly obstructing ZP's corporate deposition of Francis Camarota and the fact deposition of Bruce Corriveau, (ECF No. 187). Travelers filed its own Motion for Protective Order seeking to limit the scope of future depositions of Travelers' employees, (ECF No. 196). ZP claims Travelers' objections and later instructions not to answer questions relating to its employees' personnel files violated Rule 30(c)(2) of the Federal Rules of Civil Procedure. Mot. Sanctions (ECF No. 187, at 1). Travelers opposed the motion, arguing that

1

ZP's questions were improper based on the parties' previous meet and confer on the subject and failed to meet the heightened relevancy standard protecting privacy interests in confidential personnel information, and that Travelers did not impede the fair examination of either deponent. Travelers Opp'n ZP Mot. Sanctions ("Travelers Opp'n") (ECF No. 203, at 2). Additionally, Travelers filed a Motion for Protective Order to limit the scope of the deposition of other Travelers' employees arguing that ZP's line of questioning concerning personnel files is outside the scope of permissible discovery. Mot. Protective Order (ECF No. 196, at 1-2). The court heard arguments of counsel via Zoom on September 5, 2025. For the reasons stated on the record then, and explained in detail below, the court DENIED the Motion for Sanctions, (ECF No. 187) and GRANTED the Motion for Protective Order, (ECF No. 196).

## I.   BACKGROUND

ZP and Huffman executed a construction contract in April 2021 to build an apartment complex in Norfolk, Virginia, with ZP serving as the owner and Huffman serving as the general contractor. Am. Compl. (ECF No. 62, ¶¶ 1-2, 13-15). Huffman and Travelers executed and issued to ZP performance and payment bonds guaranteeing Huffman's performance of the contract and payment of its subcontractors and suppliers. Id. ¶ 16. After ZP identified deficiencies and delays in construction, ZP terminated its contract with Huffman and called on Travelers to perform under the bond. Id. ¶¶ 18-27. ZP brought several claims against Huffman and Travelers related to their allegedly deficient performance under the contract and bond. Id. ¶¶ 59-87. After Travelers and Huffman moved to dismiss, the only cause of actions that remain are a breach of contract and a breach of bond claim. Mem. Order (ECF No. 137). Travelers also filed contract-based counterclaims against ZP. Def.'s Answer, Affirmative Defenses, Countercl., & Third-Party Compl. (ECF No. 16). At issue here, however, are ZP's efforts to discover the personnel files—

including performance reviews, compensation details, and other evaluations—of the Travelers' employees it deposed.

ZP requested the personnel files of Travelers' employees multiple times, with the latest ask on July 7, 2025. Travelers Opp'n Ex. 2 ("ZP Personnel File Request") (ECF No. 203-2); Travelers Mem. Supp. Mot. Protective Order ("Travelers Mem.") (ECF No. 197, at 2-3). In written discovery, ZP requested Travelers to produce the personnel file of Travelers' corporate representative Frank Camarota, claiming "[t]he compensation information contained in a personnel file is relevant to Mr. Camarota's bias and the potential motive established by receiving compensation in exchange for reducing claim payments." ZP Personnel File Request (ECF No. 203-2, at 1-2). The email accompanying the request stated that ZP would move to compel the information if Travelers declined to produce it. Id. at 1, 4. Travelers responded, denying the request because it was "beyond the scope of discoverable information under FRCP 26(b)(1)" and because "the privacy interest in Mr. Camarota's personnel file outweighs ZP's claimed need for the file under binding Fourth Circuit precedent." Travelers Opp'n Ex. 3 ("Travelers Response") (ECF No. 203-3, at 3); Travelers Mem. Ex. 5 (ECF No. 197-5); (citing Kirkpatrick v. Raleigh Cnty. Bd. of Educ., 78 F.3d 579 (4th Cir. 1996); Halim v. Baltimore City Bd. of Sch. Comm'rs, No. WMN-11-2265, 2012 WL 2366338, at *2 (D. Md. June 20, 2012); Marlow v. Chesterfield Cty. Sch. Bd., No. 3:10-cv-18, 2010 WL 3660770, at *5 (E.D. Va. Sept. 15, 2010)). ZP did not follow up on the request, or move to compel, and there was no further discussion of the subject until the deposition of Travelers' employees. Travelers Mem. (ECF No. 197, at 4); Travelers Opp'n (ECF No. 203, at 5). As a result, Travelers believed that ZP recognized the merits to its objections and the issue was resolved. Travelers Mem. (ECF No. 197, at 4); Travelers Opp'n (ECF No. 203, at 5).

On July 15, 2025, ZP deposed Travelers corporate representative Francis Camarota. Camarota Dep. (ECF Nos. 188-1, 197-6, 203-4). During his deposition, ZP asked Camarota questions regarding how Travelers evaluated employees in the surety department and the factors that affected those employees' financial compensation. Id. 42:10-48:19. Travelers' attorney objected on relevance grounds and after some back and forth between counsel, ZP's attorney stated: "Just say 'I'm instructing him not to answer.'" Id. 47:10-16. Travelers' counsel accepted the invitation and directed Camarota not to answer. Id. 47:10-48:19.

Three weeks later, and apparently with no further attempt to resolve the question or get a ruling from the court, ZP took a fact witness deposition of Bruce Corriveau, an Assistant Vice President of Bond and Special Insurance, Construction Services Claims for Travelers. Corriveau Dep. 10:8-25 (ECF Nos. 188-2, 197-7, 203-5). During Corriveau's deposition, ZP again asked questions regarding performance reviews and compensation for Corriveau's team at Travelers, and Travelers' attorney similarly objected to line of questioning on relevance grounds before ultimately instructing Corriveau not to answer. Id. 22:15-29:4. Finally, on August 15, 2025—after filing its request for sanctions—ZP deposed Leslie Alvarado-Lliteras and asked a similar line of questioning, to which Travelers again objected, stating that they would file a motion for protective order under Rule 30(d)(3)(A). See generally Alvarado Dep. (ECF No. 197-8).

ZP's Motion for Sanctions, (ECF No. 187), argues that the disputed line of questioning was within the broad scope of discovery as it was "aimed at discovering Travelers' employees' potential motivations or biases in handling the bond claim at issue in this litigation," and "whether those motivations were at odds with Travelers' contractual duties to ZP." ZP Mem. Supp. Mot. Sanctions ("ZP Mem.") (ECF No. 188, at 4); ZP Reply Mem. Further Supp. Mot. Sanctions ("ZP Reply") (ECF No. 208, at 6); see also ZP Mem. Opp'n Travelers Mot. Protective

4

Order ("ZP Opp'n") (ECF No. 204, at 7) (citing Carefirst of MD., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 402 (4th Cir. 2003)). By instructing Camarota and Corriveau not to answer their allegedly relevant questions, ZP claims Travelers "impeded and frustrated ZP's fair examination of those deponents" because they prevented ZP from developing a record with answers to those questions. ZP Mem. (ECF No. 188, at 4-5); ZP Reply (ECF No. 208, at 7). Thus, ZP requests that the court re-open the deposition and award ZP any costs incurred as a result. Mot. Sanctions (ECF No. 187, at 2).

For its part, Travelers argues the suspected biases ZP seeks to uncover are not relevant to ZP's breach of contract claim, nor to any of Travelers' affirmative defenses or counterclaims. Travelers Opp'n (ECF No. 203, at 7); Travelers Mem. (ECF No. 197, at 8); Travelers Reply ZP Mem. Opp'n Travelers Mot. Protective Order ("Travelers Reply") (ECF No. 209, at 4). And the minimal relevance ZP asserts fails to meet the heightened relevancy standard required to overcome the privacy interests and obtain discovery of such otherwise confidential personnel matters. Travelers Opp'n (ECF No. 203, at 2). Thus, they argue that ZP "cannot demonstrate that Travelers unreasonably impeded or obstructed any fair deposition … to warrant the imposition of sanctions against Travelers." Id.

Travelers also moved for a Protective Order to limit the scope of the deposition of Travelers' employees arguing that this line of questioning "serves only to unreasonably harass, annoy, or embarrass the nonparty employees made the subject of such inquiries." Mot. Protective Order (ECF No. 196, at 1-2). ZP replied to Travelers opposition to the Motion for Sanctions and also opposed the Motion for Protective Order arguing that Travelers' objections were not made in good-faith, and that ZP's questions are relevant to uncovering the biases and motives of Travelers. ZP Reply (ECF No. 208); ZP Opp'n (ECF No. 204). Travelers replied to

5

ZP's opposition contending that ZP failed to show a need for the sensitive personnel information it seeks, and any existing need does not outweigh Travelers' employees' privacy interests. Travelers (ECF No. 209).

## II.    STANDARD OF REVIEW

The Federal Rules of Civil Procedure allow parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense," while considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). But when discovery implicates confidential personnel files, the Fourth Circuit imposes a heightened standard for relevance under which courts must balance an employee's privacy interest in personnel files against a party's need for discovery of such information. Kirkpatrick v. Raleigh Cnty. Bd. of Educ., 78 F.3d 579 (4th Cir. 1996) (holding that a magistrate judge properly balanced nonparty teachers' privacy interests in their personnel files against Kirkpatrick's "need for the material in granting the Defendants' protective order as to this information"). "Because personnel files contain very sensitive private information about non-parties to [a] litigation, [the court] must weigh the significant privacy interests at stake against the need for the information contained in the personnel files." Halim v. Baltimore City Bd. of Sch. Comm'rs, No. WMN-11-2265, 2012 WL 2366338, at *2 (D. Md. June 20, 2012). Thus, to demonstrate that a party is entitled to discovery of employees' personnel information, that party must bear the burden of proving that the information sought is within the permissible scope of discovery, and that the need for that information outweighs privacy concerns attached to personnel files. See Fed. R. Civ. P. 26(b)(1); Kirkpatrick, 78 F.3d 579.

6

When a party finds that the burden for discovery of personnel files is not met, the Federal Rules of Civil Procedure permits the party or anyone "from whom discovery is sought [to] move for a protective order." Fed. R. Civ. P. 26(c)(1); see also Fed. R. Civ. P. 30(d)(3)(B) ("The court may order that the deposition be terminated or may limit its scope and manner as provided in Rule 26(c)."). The court may issue such an order "for good cause ... to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," and may include forbidding disclosure or allocating expenses for disclosure. Id. Good cause generally requires "demonstrating that 'specific prejudice or harm will result if no protective order is granted.'" U.S. ex rel. Davis v. Prince, 753 F. Supp. 2d 561, 565 (E.D. Va. 2010) (quoting Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002)).

Because this dispute was not presented to the court until it arose in deposition, Rule 30 also applies. Subsection (c)(2) of the Rule governs a party's objections during a deposition and states:

> An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."

Fed. R. Civ. P. 30(c)(2). Finally, when a party "impedes, delays, or frustrates the fair examination of the deponent," the court "may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party." Fed. R. Civ. P. 30(d)(2).

### III.    ANALYSIS

During the depositions at issue, Travelers' counsel incorrectly instructed both Camarota and Corriveau not to answer the questions ZP asked by failing to contemporaneously state that his instruction was "to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2);

7

Camarota Dep. 47:10-16 (ECF Nos. 188-1, 197-6, 203-4); Corriveau Dep. 22:15-29:4; 129:2-137:5 (ECF Nos. 188-2, 197-7, 203-5). However, in light of the parties' extensive exchange on this topic before the deposition and ZP's invitation to resolve the on-the-record debate in this fashion, counsel's incomplete instructions will not subject Travelers to sanctions. Travelers' counsel ultimately sought relief by protective order, and—more importantly—his instruction did not frustrate the fair examination of any deponent. See Fed. R. Civ. P. 30(d)(2). "If counsel's claim is based on a good-faith dispute and not intended merely to delay or frustrate the deposition, it is not sanctionable conduct." [1] In re Joe Gibson's Auto World, Inc., No. ADV 09-80052, 2010 WL 5136156, at *2 (Bankr. D.S.C. Sept. 22, 2010); see also Higginbotham v. KCS Int'l, Inc., 202 F.R.D. 444, 459 (D. Md. 2001) ("Sanctions are warranted only if the attorney's conduct "manifests either intentional or reckless disregard of the attorney's duties to the court." (quoting Resol. Tr. Corp. v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995))).

Here, Travelers' instructions during depositions of both Camarota and Corriveau were made to protect the employees' personnel files and advance a good-faith dispute with ZP's counsel. Despite receiving Travelers' objections to ZP's earlier requests for production of personnel files, ZP surprised Travelers' counsel during the deposition with its attempt to obtain the same sensitive information it sought in its previously rejected written requests.[2] Travelers Response (ECF Nos. 203-3, ECF No. 197-5). And when Travelers unsurprisingly resisted the inquiry, ZP invited the error underlying its sanctions motion when ZP's counsel told Travelers'

---

[1] ZP cites to Pete v. Big Picture Loans, LLC, No. 3:17-cv-461, 2020 WL 3979662 (E.D. Va. July 14, 2020) where the court imposed Rule 30(c)(2) sanctions due to counsel's "hostile comments" and "lengthy speaking objections," but Travelers' counsel did not engage in similar hostilities but rather repeated the company's earlier stated objection and then followed ZP's counsel's invitation to instruct Camarota not to answer the question. Camarota Dep. 47:10-16 (ECF No. 203-4).

[2] In fact, ZP did not note in their Rule 30(b)(6) deposition notice that private compensation, performance evaluations, bonus eligibilities, or other personnel information of Travelers employees would be a topic in the deposition. Am. Notice Dep. (ECF No. 203-7).

counsel to instruct Camarota not to answer the question during the deposition. Camarota Dep. 47:10-16 (ECF Nos. 188-1, 197-6, 203-4). Three weeks later—and without raising the dispute again or seeking relief from the court—ZP asked a similar line of questions. This time seeking employee performance evaluations, compensation, bonuses, and other sensitive information during Bruce Corriveau's deposition. Corriveau Dep. 22:15-29:4; 129:2-137:5 (ECF Nos. 188-2, 197-7, 203-5). Travelers' counsel again objected on the record for lack of relevancy and eventually harassment. Id. Although Travelers' counsel failed to explicitly state that the instruction not to answer was to present a Rule 30(d)(3) motion—an explanation which should have been made on the record—the instruction was nonetheless based on a good-faith effort to protect its employees' personnel information, which was promptly presented to the court. It was not intended to frustrate the deposition. See In re Joe Gibson's Auto World, Inc., 2010 WL 5136156, at *2. Travelers thereafter promptly filed a Motion for Protective Order, so its counsel's incomplete instruction was clearly not meant to, and did not, delay the deposition.[3] See id. Because counsel's instruction in this case did not impede the fair examination of any deponent, the court will DENY the Motion for Sanctions, (ECF No. 187).

The scope of discovery does not include information in these three Travelers' employees' personnel files because that information is irrelevant to the breach of contract claim ZP brought against their employer, and ZP's proffer of suspected biases to be shown by the material does not meet the heightened relevancy standard for confidential personnel information. Generally, motive and bias are irrelevant to breach of contract claims. See RenaissanceRe Eur. AG, US Branch v. Starwind Specialty Ins. Servs., LLC, No. 4:24-cv-00118, 2025 WL 432833, at *1

---

[3] Although ZP states that "Travelers cannot not retroactively seek protection" under a Rule 30(d)(3) motion since they did not state their intention to do so, ZP fails to provide a rationale or caselaw supporting its assertion that Travelers cannot file its motion now. ZP Reply (ECF No. 208, at 5).

(N.D. Tex. Jan. 9, 2025). And personnel files are protected due to the sensitive information they contain. See Kirkpatrick v. Raleigh Cnty. Bd. of Educ., 78 F.3d 579 (4th Cir. 1996); Halim v. Baltimore City Bd. of Sch. Comm'rs, No. WMN-11-2265, 2012 WL 2366338, at *2 (D. Md. June 20, 2012). This protection applies to the production of a personnel file in its entirety, or to related questions in a deposition. Courts have limited the scope of depositions from inquiries into performance evaluations, compensation, or bonuses. See Shenoy v. Charlotte-Mecklenburg Hosp. Auth., No. 3:08-cv-125, 2011 WL 3564424, at *6 (W.D.N.C. Aug. 12, 2011) (granting a motion for protective order to limit the scope of a Rule 30(b)(6) motion because the defendants failed to show that "performance, compensation, evaluations, bonuses or goals have any relevance to this lawsuit" regarding contract disputes).

Given that this is a breach of contract case against Travelers, its employees' motivations are not relevant to any issue to be decided. See RenaissanceRe Eur. AG, US Branch, 2025 WL 432833, at *1. Even if ZP demonstrated a need for the information it sought through its line of questioning, ZP fails to meet the heightened relevancy standard for personnel information because the need to uncover Travelers' employees suspected motivations in this manner does not outweigh the privacy interest in Travelers' employees' otherwise confidential personnel information. See Kirkpatrick, 78 F.3d 579; Halim, 2012 WL 2366338, at *2.

ZP attempts to distinguish its deposition question from the production of entire personnel files since they claim to have limited their questions to "information relevant to Travelers' handling of ZP's bond claim." ZP Reply (ECF No. 208, 3 n.2). Specifically, ZP contends that "the questions were targeted to obtain information that is relevant to understanding why Travelers employees … might take certain actions in handling bond claims such as the one central to this dispute." ZP Opp'n (ECF No. 204, at 3). As a result of this distinction and the

10

alleged narrow scope of their questions, ZP argues that Travelers failed to meet their burden of establishing good cause in their motion to limit the depositions of its employees. Id. at 4-6. This does not accurately reflect all the questions posed and object to. Camarota Dep. 42:10-48:19 (ECF Nos. 188-1, 197-6, 203-4) (asking questions such as "Are you eligible today for an annual bonus?" and "Is there any aspect of profitability upon which you are measured?"). But even assuming a narrower line of inquiry was pursued, the inherently sensitive nature of Travelers' employees' personnel information is reason enough to limit the scope of deposition and grant the protective order in this contract case, and the distinction between the deposition questions and the entire personnel file is immaterial. See Kirkpatrick, 78 F.3d 579 (4th Cir. 1996); Halim, 2012 WL 2366338, at *2; see also Shenoy v. Charlotte-Mecklenburg Hosp. Auth., No. 3:08-cv-125, 2011 WL 3564424, at *6 (W.D.N.C. Aug. 12, 2011).

## IV.    CONCLUSION

For the foregoing reasons, the court DENIES ZP's Motion for Sanctions, (ECF No. 187), and GRANTS Travelers Motion for Protective Order, (ECF No. 196).

IT IS SO ORDERED.

/s/
Douglas E. Miller
United States Magistrate Judge

_____
DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
September 24, 2025