# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ZP NO. 332, LLC,

     Plaintiff,

     v.

HUFFMAN CONTRACTORS, INC.,
*et al.*,

     Defendants.

Case No. 2:24-cv-611

## OPINION & ORDER

Plaintiff ZP No. 332, LLC sued Defendant Huffman Contractors, Inc., the general contractor on a real estate development project, for allegedly failing to complete the work adequately and on time. ZP seeks summary judgment on the breach element of its contract claim. Huffman's failure to complete the project as the contract required is undisputed, and Huffman does not raise a genuine dispute as to whether ZP committed the first material breach. Accordingly, summary judgment will be **GRANTED** as to Huffman's breach.

## I.    BACKGROUND

The following undisputed facts are sufficient to enable the Court to decide this motion:

1.      ZP and Huffman entered a written agreement that specified that time is of the essence of the contract. ECF No. 54-2 at 9 § 4.2.[1]

2.      The contract "required Huffman to substantially complete the [p]roject by December 6, 2022." ECF No. 227 at 8 ¶ 4; ECF No. 258 at 3 ¶ 4; *see also* ECF No. 54-2 at 129 (outlining liquidated damages after that date if Huffman failed to obtain a certificate of occupancy).[2]

3.      "Huffman failed to reach [s]ubstantial [c]ompletion of the [p]roject . . . by December 6, 2022, and never sought an extension." ECF No. 227 at 12 ¶ 20 (ZP's statement of undisputed facts); *see* ECF No. 258 at 3 ¶ 20 (Huffman's statement of undisputed facts).

## II.    LEGAL STANDARD

A court may "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A "dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

"The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine dispute of material fact." *Med. Mut. Ins. Co.*

---

[1] The parties do not cite this portion of the contract, but the Court considers it anyway, pursuant to Fed. R. Civ. P. 56(c)(3).

[2] *See supra* n.1.

*of N. Carolina v. Gnik*, 93 F.4th 192, 200 (4th Cir. 2024) (citation omitted); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To do that, the movant must support their assertions as to undisputed facts by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

If the moving party is successful in the first instance, then the burden "shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial." *Gnik*, 93 F.4th at 200 (citation and quotation marks omitted); *see Celotex*, 477 U.S. at 324. "The facts and all justifiable inferences arising therefrom must be viewed in the light most favorable to the non-movant." *Gnik*, 93 F.4th at 200 (citation omitted). However, if the non-movant "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion" or may "grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the court is not required to consider any materials in the record outside what the parties include with their briefing. Fed. R. Civ. P. 56(c)(3).

## III. ANALYSIS

ZP carries its initial burden to demonstrate the absence of a genuine dispute as to the breach element of its contract claim.[3] Huffman contends that it is nonetheless entitled to try the issue of breach, because a reasonable jury could find that ZP breached the construction contract first, rendering it unenforceable by ZP. However, Huffman does not produce evidence that places that affirmative defense in genuine dispute.

### A. ZP's Initial Burden

Under Virginia[4] law, when "time is of the essence of the contract, [] failure to perform within the time limited by the contract [generally] constitutes a breach." *W.S. Forbes & Co. v. S. Cotton Oil Co.*, 108 S.E. 15, 17 (Va. 1921). Time is expressly of the essence in the construction contract here. ECF No. 54-2 at 9 § 4.2. And the parties do not dispute that Huffman failed to substantially complete the project by the construction contract's December 6, 2022 deadline. ECF No. 227 at 12 ¶ 20; ECF No. 258 at 3 ¶ 20. Therefore, ZP meets its initial burden to demonstrate the absence

---

[3] The essential elements of a cause of action for breach of contract are "(1) a legal obligation of a defendant to a plaintiff, (2) a violation or breach of that obligation, and (3) a consequential injury or damage to the plaintiff." *Hamlet v. Hayes*, 641 S.E.2d 115, 117 (Va. 2007). Only the second element is at issue here.

[4] Federal courts sitting in diversity apply the choice of law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In Virginia, courts apply the law that the parties expressly stated governs their contract, unless a party establishes that the choice of law provisions are unfair or unreasonable. *Paul Bus. Sys., Inc. v. Canon U.S.A., Inc.*, 397 S.E.2d 804, 807 (Va. 1990). Here, the construction contract contains an undisputed choice of law provision stating that it is "governed by the law of the place where the [p]roject is located." ECF No. 54-2 at 106 § 14.1.1. The project is located in Norfolk, Virginia, so Virginia substantive law governs the contract. *See id.* at 28, 30, 37, 39–41.

of a genuine dispute as to breach, and the burden shifts to Huffman to raise a triable issue. *See also* ECF No. 227-2 at 21:19–22:2 (Huffman's Fed. R. Civ. P. 30 (b)(6) corporate designee agreeing that "Huffman was in material breach of the contract . . . in December of 2022").[5]

### B.    Huffman's Affirmative Defense

Huffman does not present evidence that its failure to perform the contract by the deadline was permissible under the terms of the contract itself. *See* ECF No. 54-2 at 89 § 7.3.2 (providing for extensions under certain circumstances); *but see* ECF No. 258 at 3 ¶ 20 (conceding that Huffman did not ask for an extension); ECF No. 258 at 8–9 (arguing only that ZP cannot overcome Huffman's affirmative defense). Instead, Huffman contends that ZP cannot enforce the contract because it committed the first material breach. ECF No. 258 at 8–9. However, the evidence Huffman presents to support its affirmative defense would not enable a reasonable jury to find in its favor.

Huffman points to the opinion of an expert witness who would testify that if the architect had been more involved in the project on-site (instead of ZP itself identifying defective work), Huffman's errors could have been identified sooner, so corrections would not have set back the project timeline as significantly as they did.

---

[5] Huffman's corporate designee's testimony on this point may be inadmissible under Fed. R. Evid. 702, because it is a legal conclusion. However, the Court is permitted to consider a fact undisputed for purposes of summary judgment even when the asserting party fails to properly support it with evidence, if the party opposing summary judgment does not dispute the fact. Fed. R. Civ. P. 56(e). Therefore, the Court can decide this issue solely by reference to the absence of a dispute that Huffman failed to substantially complete the project by the contractual deadline—regardless of whether ZP submits admissible evidence to support that fact.

ECF No. 258 at 8–9 (quoting ECF No. 258-3 at 25, 33). But while the contract does "describe the involvement of the Architect in contract administration," as Huffman's expert says, the contract by no means requires that the architect, and not ZP itself, identify Huffman's errors. ECF No. 258-3 at 25; *see* ECF No. 54-2 at 57 § 2.1.7. In fact, the contract provides only that the architect "shall have the *authority* to reject [w]ork [that] does not conform" to the contract's requirements, with ZP's agreement. ECF No. 54-2 at 57 § 2.1.7 (emphasis added). So the opinion of Huffman's expert witness amounts to a contention that ZP ought to have administered the contract differently—not that it breached a material term. That is insufficient to raise a genuine dispute as to whether ZP breached the contract.[6]

Insofar as Huffman attempts to argue that ZP *itself* failed to timely identify defective work and thereby breached the contract and extended the project timeline, Huffman puts on no evidence to support that theory.

Even assuming ZP's failure to rely on an architect in the manner Huffman prefers—or its own errors in identifying problems with Huffman's work—could

---

[6] The Virginia Supreme Court has not definitively determined whether negligent performance constitutes a breach of that contract. When a federal court is required to apply state law, and the relevant state's highest court has issued no decision on a particular issue, the federal court must "predict" the law the state's highest court would apply. *Knibbs v. Momphard*, 30 F.4th 200, 213 (4th Cir. 2022) (citation omitted). This Court finds that the Virginia Supreme Court would likely conclude that negligent performance of a contract is not a material breach. *See, e.g.*, *Murray v. Royal Const. Co.*, 61 Va. Cir. 643, 2002 WL 32238304, at *3 (Va. Cir. June 10, 2002) ("There is no cause of action for the negligent breach of a contract."); *see also Yerkes v. Aquavision Ltd.*, 100 Va. Cir. 428, 2003 WL 27389548, at *3 n.1 (Va. Cir. Dec. 2, 2003) (observing in dicta that "negligence is not a valid claim for recovery under a contract").

constitute a material breach of the construction contract, Huffman puts on literally no evidence that such a breach occurred before its own. *See* ECF No. 258 at 9 (offering only argument, devoid of citations to the record). Therefore, Huffman fails to generate a genuine factual dispute as to the first material breach theory.

ZP initially demonstrates the absence of a genuine dispute that Huffman breached the construction contract, and Huffman does not carry its burden to raise a triable issue on this point. Accordingly, ZP is entitled to summary judgment on the breach element of its contract claim.[7]

## IV.    CONCLUSION

Plaintiff ZP No. 332, LLC's motion for summary judgment (ECF No. 226) is **GRANTED** as to the breach element of its contract claim against Defendant Huffman Contractors, Inc.

All other issues on which ZP moved for judgment relate to claims against Defendant Travelers Casualty and Surety Company of America, which has settled the claims against it. Accordingly, the remainder of the motion is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

_____ /s/ _____
            Jamar K. Walker
            United States District Judge

Norfolk, Virginia
November 24, 2025

---

[7] Huffman contends that there is a genuine dispute as to the proximate cause of ZP's alleged damages. ECF No. 258 at 10. But ZP did not move for judgment as to causation, so the Court will not engage on this point.