IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ZP NO. 332, LLC,

    Plaintiff,

  v.

HUFFMAN CONTRACTORS, INC.,

    Defendant.

Case No. 2:24-cv-611

**OPINION & ORDER**

Following a special jury verdict, Plaintiff ZP No. 332, LLC asks the Court to enter judgment in an amount to include pre- and post-judgment interest. The Court will grant ZP's request in part as uncontested and enter judgment including post-judgment interest.[1] The motion will be denied as to the request for pre-judgment interest, because that issue was not submitted to the trier of fact.

**I.  BACKGROUND**

A jury awarded ZP compensatory damages in the amount of $9,137,149.00. ECF No. 413 at 1 (Question 2). ZP seeks pre-judgment interest, for a total judgment of $11,556,298.70. ECF No. 420 at 3. Defendant Huffman Contractors, Inc. contends that ZP is not entitled to pre-judgment interest because, having not reserved the factual issue for the Court, ZP could only have obtained pre-judgment interest by

---

[1] ZP is entitled to post-judgment interest pursuant to statute. 28 U.S.C. § 1961.

proving its entitlement to the jury—and since the special verdict form did not include a finding of pre-judgment interest, none can be awarded. ECF No. 421 at 1–2.[2]

## II. LEGAL STANDARD

Fed. R. Civ. P. 58(b)(2) requires court approval for a judgment that is based on a jury's special verdict and where "other relief" is granted. Virginia law[3] permits pre-judgment interest "to make the plaintiff whole," and such interest is "part of the actual damages sought to be recovered." *Shepard v. Capitol Foundry of Virginia, Inc.*, 554 S.E.2d 72, 76 (Va. 2001). Accordingly, Va. Code § 8.01-382[4] "provides for the discretionary award of pre-judgment interest *by the trier of fact*, who may provide for such interest and fix the time of its commencement." *Dairyland Ins. Co. v. Douthat*, 449 S.E.2d 799, 801 (Va. 1994) (emphasis altered).

---

[2] Huffman also disputes ZP's proposed calculation of pre-judgment interest. *See* ECF No. 421 at 3. Because the Court finds that ZP is not entitled to pre-judgment interest at all, it does not reach this issue.

[3] Where subject matter jurisdiction depends on diversity, state law governs an award of pre-judgment interest. *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999).

[4] In any . . . action at law . . ., the . . . verdict of the jury, or if no jury the judgment or decree of the court, may provide for interest on any principal sum awarded, or any part thereof, and fix the period at which the interest shall commence. . . . If a final [] judgment . . . be rendered which does not provide for interest, the final [] judgment . . . shall bear interest at the judgment rate of interest as provided for in § 6.2-302 from its date of entry or from the date that the jury verdict was rendered.

Va. Code § 8.01-382.

### III. ANALYSIS

Whether ZP is entitled to pre-judgment interest depends on whether the Court or the jury was the proper trier of fact on the issue. Because pre-judgment interest was for the jury to determine—and ZP did not present any evidence on the matter—ZP's request for pre-judgment interest will be denied.

Virginia law is clear that the trier of fact must decide entitlement to (and, if appropriate, the amount of) pre-judgment interest. In an "action at law," like this breach of contract case, "interest on any principal sum awarded, or any part thereof," is available by "the judgment or decree of the court" only "if [there was] no jury." Va. Code § 8.01-382. While the Virginia Supreme Court[5] has recognized that "[w]hether to allow interest is left to the sound discretion of the jury *or* trial court," tracing that rule reveals that a court determines pre-judgment interest only in cases where it sits as the factfinder. *Doyle & Russell, Inc. v. Welch Pile Driving Corp.*, 194 S.E.2d 719,

---

[5] At least once, the Fourth Circuit appears to have recognized a different rule. *Al-Abood v. Elshamari*, 217 F.3d 225, 236 n. 7 (4th Cir. 2000) ("Under Virginia law, the award of prejudgment interest is a matter within the discretion of the jury."). As an initial matter, when this Court sits in diversity, it is bound by the highest court of the state whose law provides the rule of decision—not by the Fourth Circuit. *Moore v. Equitrans, L.P.*, 27 F.4th 211, 220 (4th Cir. 2022). Additionally, *Al-Abood* itself dealt with an interest calculation by a jury, so any difference between the rule it states and the actual rule in Virginia is dictum. *Al-Abood*, 217 F.3d at 235–36. Finally, the Virginia case *Al-Abood* relies on—*Dairyland,* 449 S.E.2d at 801—refers to "the trier of fact" determining pre-judgment interest; that case just happened to have a jury as the factfinder. So even if this Court were to find *Al-Abood* persuasive, it would not contradict the rule described in line above. *See also E.I. DuPont de Nemours & Co. v. Park,* 42 F. App'x 605, 607 (4th Cir. 2002) (unpublished) (affirming district court's award of pre-judgment interest after summary judgment and stating—after *Al-Abood*—that "[u]nder Virginia law, *where there is no jury verdict*, the court has discretion in determining when interest accrues") (emphasis added).

723 (1973) (emphasis added); *Wolford v. Williams*, 78 S.E.2d 660, 665 (Va. 1953) (recognizing that "[t]he allowance of interest is in the sound discretion of the trial court," in a case where all questions of liability were "for the trial court's determination"); *see also Upper Occoquan Sewage Auth. v. Blake Const. Co., Inc./Poole & Kent*, 655 S.E.2d 10, 23 (2008) (discussing what happens "where a *trier of fact* exercises the discretion to award pre-judgment interest") (emphasis added); *Beale v. Moore*, 32 S.E.2d 696, 698 (Va. 1945) (discussing an award of interest in a case where the court was the trier of fact).

When a party demands a jury trial, a jury "must" try all the issues on which the demand is made unless "the parties . . . file a stipulation to a nonjury trial or so stipulate on the record" or "the court . . . finds" that some or all of the issues on which a jury trial was demanded do not carry a federal right to a jury. Fed. R. Civ. P. 39(a).[6] ZP properly pleaded pre-judgment interest and demanded "a trial by jury on all claims so triable." ECF No. 62 at 18. There is a federal right to a jury trial on the question of pre-judgment interest, and neither party argues otherwise. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989) (Seventh Amendment confers a jury right in cases that are legal as opposed to equitable and that involve private rather than public rights); *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) ("A claim for money due and owing under a contract is quintessentially an action at law.") (citation and quotation marks omitted); *Shepard*,

---

[6] Whether a jury or a judge is the appropriate factfinder on a particular issue is a procedural question governed by federal law. *See Simler v. Conner*, 372 U.S. 221, 222 (1963).

554 S.E.2d at 76 (pre-judgment interest is part of actual damages). So entitlement to pre-judgment interest was a jury question unless "the parties . . . file[d] a stipulation to a nonjury trial or so stipulate[d] on the record." Fed. R. Civ. P. 39(a)(1). They did not.

The parties did elect to make the Court the factfinder on some issues. *See* ECF No. 252 (motion to bifurcate). However, interest is not mentioned in the parties' joint motion to bifurcate, the proposed bifurcation order, or the memorandum in support of the motion. ECF Nos. 252, 252-1, 253. Accordingly, the Court's bifurcation order makes no reference to determining interest.[7] ECF No. 256. The legal stipulations in the final pretrial order reference the Court's bifurcation order and give no indication that the parties intended to add to the scope of that order. ECF No. 378 ¶ II.A.3.

The parties filed two additional stipulations, and neither mentions interest. ECF Nos. 398 ("the Court may act as the finder of fact on . . . [w]hether the damages in the jury's response to Question [] 2 were caused, in whole or in part, by negligent acts or omissions by Huffman, its subcontractors, suppliers or employees or anyone working on Huffman's behalf"), 403 (addressing opening statement graphics or slides, demonstrative aids during direct examination, exchange of deposition videos, and trial exhibits).

---

[7] It provides that the Court will resolve "(1) [e]ntitlement to and quantification of attorney fees, litigation expenses, and costs incurred by ZP and Travelers" and "(2) [t]he remaining balance of the penal sum of the performance bond." ECF No. 256 at 1–2.

So the only remaining path for ZP requires the Court to conclude that the language the parties agreed should follow Question 2 on the verdict form amounts to a stipulation that the Court would serve as the factfinder as to pre-judgment interest. The agreed language instructed the jury that it "need not add interest on [the damages award]" because "the Court [would] consider this issue following [the] verdict." ECF No. 396 at 2 (amended agreed special verdict form).[8]

The Court cannot find that this sentence amounts to a stipulation regarding factfinding on pre-judgment interest for four reasons. First, that is not what it says. The language following Question 2 could just as easily refer to post-judgment as to pre-judgment interest.[9] The Court cannot assume the parties meant to agree to a bench trial on a matter they did not clearly define.

Second, the parties had ample time to raise concerns about ambiguity in the language following Question 2, but they raised none. *See* ECF No. 425 at 170:4–171:2 (discussion regarding Question 2 at the charge conference).[10] In fact, the Court

---

[8] The parties agreed to the proposed special verdict form, subject to an unrelated objection regarding Question 6, which was resolved by a later stipulation. ECF No. 382 at 24 n.1; ECF No. 396 at 1 n.1; *see* ECF No. 398.

[9] This would be consistent with the parties' silence on the issue up to now. Because a successful plaintiff is entitled to post-judgment interest as a matter of law, 28 U.S.C. § 1961, it would make sense—if only post-judgment interest were contemplated in the language on the verdict form—that none of the parties' explicit stipulations referenced interest.

[10] It is possible that Huffman identified the ambiguity but chose not to raise the matter and thereby alert ZP to the fact that it had neglected to present the jury with evidence about pre-judgment interest. Such a strategic choice would not amount to consent to make the Court the factfinder.

explicitly highlighted the fact that Question 2 referred to "interest," not "*judgment* interest," and neither party expressed a need for more specific language, as one would expect from a stipulation committing a factual issue to the Court. ECF No. 426 at 64:22–65:4 (emphasis added).[11]

Third, the parties demonstrated that they know how to designate a matter for judicial factfinding, *see* ECF No. 252 (motion to bifurcate)—and how to expand the scope of the Court's factfinding capacity, *see* ECF No. 398 (stipulation making the Court the finder of fact on an additional issue). Even though they specifically added a factual issue for the Court *related to Question 2 on the verdict form*, ECF No. 398, they never explicitly added pre-judgment interest to the Court's slate.

---

[11] During deliberations, the jury asked for "an explanation of what 'equity interest' means" and whether that concept was "already included in the evidence." ECF No. 426 at 64:22–65:4. Huffman raised the possibility that the jury could have confused equity interest with "judgment interest." *Id.* at 84:19–23. And while the Court noted that the verdict form did not say "'judgment interest,'" Huffman ultimately recommended an instruction that differentiated "equity interest" from "judgment interest that's in the verdict form," *id.* at 72:7–9, and agreed with the Court's formulation, which referred to the "the interest that is referenced after Question 2 in the Special Verdict Form." *Id.* at 74:5–19.

ZP argues that Huffman's failure to object to the Court's response proves Huffman consented to the Court sitting as factfinder on the question of pre-judgment interest. ECF No. 427 at 4. But at most, Huffman's agreement demonstrates it consented to the Court determining any type of interest to which ZP was entitled—not *pre-judgment* interest specifically.

The Court has considered whether Huffman's agreement to a proposed instruction that the jury is not to consider judgment interest—taken together with the fact that the law dictates the trier of fact must decide pre-judgment interest—might constitute a waiver of any argument against submitting pre-judgment interest to the Court. But even if it did, waiver does not amount to a stipulation, so it alone cannot convert a jury question to a question for the Court.

7

Finally, it may well be that the parties simply misunderstood each other here, and if that is the case, there is no stipulation. ZP persuasively argues that it had the witnesses and evidence to prove pre-judgment interest before the jury but did not do so because it believed Huffman's failure to object to the language in Question 2 amounted to "consent[] to the Court determining the issue." ECF No. 427 at 5. But ZP is wrong to suggest that language on the verdict form made judicial factfinding the default unless "*Huffman* insisted that the jury determine th[e] issue." *Id.* (emphasis added). It was *ZP*'s demand for a jury trial on all issues that required pre-judgment interest to be submitted to the jury from the beginning. *See* Fed. R. Civ. P. 39(a). Without evidence that the parties had a meeting of the minds with respect to changing that, a jury as factfinder remained the default.

In summary, the parties did not stipulate that the Court would find the facts required for an award of pre-judgment interest, and they agree that ZP presented no evidence to the jury on this point. Therefore, ZP failed to prove entitlement to pre-judgment interest. Accordingly, the Court must deny ZP's request to include pre-judgment interest in the judgment.

## IV.   CONCLUSION

Plaintiff ZP No. 332, LLC's motion for entry of judgment (ECF No. 419) is **GRANTED IN PART**, as to post-judgment interest. The motion is **DENIED IN PART**, as to pre-judgment interest.

8

The Clerk is **DIRECTED** to enter judgment for ZP in the amount of $9,137,149.00, plus post-judgment interest pursuant to 28 U.S.C. § 1961.[12]

**IT IS SO ORDERED**.

Norfolk, Virginia
January 23, 2026

/s/ Jamar K. Walker
United States District Judge

---

[12] Because there are additional matters left to be resolved, the Clerk is **DIRECTED** not to close the case at this time.