# <u>EXHIBIT A</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Norfolk Division)**

| | | |
|---|---|---|
| ZP NO. 332, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:24-cv-611-JKW-DEM |
| | ) | |
| HUFFMAN CONTRACTORS, INC., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| _____ | ) | |

**DECLARATION OF KIM M. WATTERSON**

I, Kim M. Watterson, under the penalty of perjury, do hereby declare and affirm that the following statements are true and correct to the best of my knowledge, information, memory, and belief:

1.    I am a partner at Reed Smith, LLP, and I represent ZP No. 332, LLC ("ZP"), in the above captioned matter.

2.    By virtue of my representation of the Plaintiff in this matter, I have knowledge of the discussions and conversations had in conferrals between counsel for ZP and counsel for Huffman Contractors, Inc., Mr. Henry Moore and Mr. Barry Montgomery, on matters of procedure and substance and agreements reached in those conferrals in an effort to facilitate an efficient trial in this matter and conserve both judicial and party resources.

3.    The Parties reached an agreement on the division of labor between the jury and the Court for determining prejudgment interest during their required conferral prior to submitting their Joint Proposed Jury Instructions, ECF No. 382.

4.    On November 29, 2025, I emailed Mr. Moore and others and provided ZP's

proposed jury instructions and proposed verdict form.  That verdict form included the following language after Question 2: "You need not add interest on the above sum (if any) as the Court will consider this issue following your verdict."  That verdict form also included Question 3 asking the jury to determine the date of the breach.

5.      On December 1, 2025, Mr. Moore responded to my email and provided redline edits and comments on ZP's proposed instructions and proposed verdict form, as well as Huffman's own proposed instructions.

6.      In his responsive email and materials, Mr. Moore did not edit or make any comment on the instructive language following Question 2.  As for Question 3, which asked the jury about the date of the breach, Mr. Moore commented that the question was not necessary.

7.      In conferral later that day, I explained that, as indicated in the language following Question 2, the verdict form was designed so that the Court could decide all issues relating to prejudgment interest other than the date of the breach.  I then advised Mr. Moore that Question 3 was necessary because prejudgment interest runs from the date of the breach.

8.      Without discussion, comment, or objection, Mr. Moore readily agreed.

9.      The Parties then submitted drafts of the required submission to the Court, which needed to include the instructions and verdict form questions on which the Parties agreed, ZP's proposals on which Huffman disagreed or objected, and Huffman's proposals on which ZP disagreed or objected.

10.      During our exchanges, Mr. Moore never raised any issues—neither by way of comments, objections nor inquiries—about the division of labor between the jury and the Court that the Parties discussed and as reflected in the agreed special verdict form submitted to the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United

States of America that the foregoing is true and correct to the best of my knowledge and information.

Executed this 20th day of February 2026.

_____

Kim M. Watterson

3