**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| ZP NO. 332, LLC, | ) |
| | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | )   Case No.: 2:24-cv-611-JKW |
| | ) |
| HUFFMAN CONTRACTORS, INC. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR
HUFFMAN CONTRACTORS, INC. (ECF Doc. No. 458)**

COME NOW the law firm of Kalbaugh, Pfund, & Messersmith, P.C., Wayne Barry Montgomery, Jr. and Henry U. Moore, pursuant to Local Civil Rule 83.1(H), and for their Brief in support of their Motion for Leave to Withdraw as Counsel for Huffman Contractor's, Inc. (ECF Doc. No. 458), state as follows:

**Relevant Facts and Procedural Background**

The law firm of Kalbaugh, Pfund, & Messersmith, P.C., Wayne Barry Montgomery, Jr. and Henry U. Moore (hereinafter collectively referred to as "KPM") were retained as defense counsel for Huffman Contractors, Inc. (hereinafter "Huffman") by a commercial liability insurance company that insured Huffman.  On March 17, 2026, Huffman's commercial liability insurance company advised KPM that it would no longer provide a defense for Huffman in this case and would no longer retain KPM to act as counsel for Huffman.  KPM thereafter contacted Huffman's local counsel in Arkansas to

1

advise of this development and to inquire as to whether Huffman would retain KPM directly to continue to represent Huffman in this case. On March 24, 2026, Huffman advised KPM that it was not able to retain KPM to continue representation of Huffman in this case.

This case proceeded to trial and verdict in December, 2025 and this Court entered judgment on January 26, 2026.  Thereafter,  both ZP and Huffman filed post-trial motions and those motions have been fully briefed by Huffman.  KPM has notified Huffman of its intent to withdraw as counsel in this action and Huffman has advised that it consents to KPM's motion to withdraw as counsel.

### Law and Argument

Pursuant to Rule 83.1(G) of the Local Rules of the United States District Court for the Eastern District of Virginia, "[n]o attorney who has entered an appearance in any civil action shall withdraw such appearance, or have it stricken from the record, except on order of the Court and after reasonable notice to the party on whose behalf said attorney has appeared." See E.D. Va. Loc. R. 83.1(G). The decision to grant a motion for an attorney to withdraw from representation "lies within the sound discretion of the trial judge." See Fifth Third Bank Nat'l Ass'n v. Metro Bus. Sys., LLC et al., No. 1:21-cv-832, 2022 U.S. Dist. LEXIS 239569, 2022 WL 18912677, at *1 (E.D. Va. Jan. 24, 2022) (citing Huang v. Bd. of Governors of Univ. of N. Carolina, 902 F.2d 1134, 1142 (4th Cir. 1990)).

Moreover, this Cout has recognized that Rule 1.16 of the Virginia Rules of Professional Conduct "guides the analysis  of a motion to withdraw." Id.; see also Matter of God's Mercy, LLC, 285 F. Supp. 3d 904, 907 (E.D. Va. 2018) ("The court applies the

2

rules in the Virginia Code of Professional Conduct as the first step in deciding whether counsel may be given leave to withdraw."). See also Local Rule 83.1(J) ("The ethical standards relating to the practice of law in civil cases . . . shall be Section II of Part Six of the Rules of the Virginia Supreme Court").

Pursuant to Rule 1.16(b) of the Virginia Code of Professional Conduct, as applicable to this motion, the following ground for withdrawal exist:

> "[A] lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
>
> (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;"
>
> Va. R. Prof'l Conduct 1.16(b).

Huffman's insurance carrier has notified KPM that it will no longer continue the defense of its insured (Huffman) and Huffman has indicated that it cannot retain KPM directly. Accordingly, good cause exists for KPM to withdraw as to continue representation would result in an unreasonable financial burden on KPM. Moreover, since all of the pending post-trial motions have been fully briefed by KPM on Huffman's behalf, the case would not be delayed nor would Huffman be prejudiced if the Court allows KPM to withdraw.

## **Relief Sought**

For the reasons state above, KPM moves this Honorable Court to enter an Order granting its motion to withdraw as counsel in this case and relieving KPM from any further duties or responsibilities in this case.

      /s/   W. Barry Montgomery

W. Barry Montgomery, Esq.
VSB No. 43042
Henry U. Moore, Esq.
VSB No. 93681
KALBAUGH PFUND & MESSERSMITH, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
Telephone: (804) 320-6300
Facsimile: (804) 320-6312
E-Mail:  barry.montgomery@kpmlaw.com
      henry.moore@kpmlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was sent this 25th day of March, 2026 via electronic mail using the Court's ECF system to all counsel of record in this case. I hereby further certify that an electronic copy of this motion has been served via electronic mail on Huffman Contractors, Inc.

      /s/   W. Barry Montgomery

W. Barry Montgomery, Esq.
VSB No. 43042
Henry U. Moore, Esq.
VSB No. 93681
KALBAUGH PFUND & MESSERSMITH, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
Telephone: (804) 320-6300
Facsimile: (804) 320-6312
E-Mail:  barry.montgomery@kpmlaw.com