**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

| | |
|---|---|
| ZP NO. 332, LLC, | |
| Plaintiff, | |
| v. | Case No. 2:24-cv-611 |
| HUFFMAN CONTRACTORS, INC., | |
| Defendant. | |

### OPINION & ORDER

Defendant Huffman Contractors, Inc. seeks to offset a breach of contract judgment by the amount of a settlement between Plaintiff ZP No. 332, LLC and former co-defendant Travelers Casualty and Surety Company of America. ECF No. 438. Because the Court cannot determine what portion of the settlement covered Huffman's breaches, the motion will be **DENIED**.

## I.    BACKGROUND

ZP sued Huffman based on alleged breaches of a construction contract. ECF No. 62 ¶¶ 59–63 (Count I). ZP also claimed both Huffman and Travelers breached a performance bond under which they were jointly and severally liable for Huffman's breaches of the construction contract and jointly and severally liable for each other's breaches of the bond. *Id.* ¶¶ 68–73 (Count III); *see* ECF No. 62-2 § 1.

Travelers settled and was dismissed from the case. ECF No. 363. A jury found Huffman liable for breaching the construction contract and awarded ZP $9,137,149.00 in compensatory damages. ECF No. 414 at 1.

Though it never dismissed the breach of bond claim, ZP did not ask the jury to decide whether Huffman breached the bond. *See* ECF No. 414. And though it pleaded entitlement to an offset, Huffman never asked the jury to determine whether another party was responsible for any of ZP's damages. ECF No. 78 ¶¶ 96 (asserting "Travelers . . . is exclusively obligated" for ZP's alleged damages "under the express terms of the [b]ond"), 99 (claiming "a setoff of damages"); *see* ECF No. 414.

On a motion under Fed. R. Civ. P. 59(e) and 60(b), Huffman now seeks an offset against the judgment ZP obtained at trial in the amount of the Travelers settlement. ECF Nos. 438 (motion), 439 (memorandum).

## II.    LEGAL STANDARDS

Rule 59(e) permits "[a] motion to alter or amend a judgment . . . filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).[1] A court may grant such a motion if the movant shows either "(1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010).

Rule 60(b) enables a court to "relieve a party . . . from a final judgment" for a number of reasons, including where "the judgment has been satisfied, released, or

---

[1] Huffman's motion meets the timing requirement.

discharged . . . or applying it prospectively is no longer equitable," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

## III.   ANALYSIS

Huffman contends that the Court should grant an offset against the jury's verdict under Rule 59, because "manifest injustice" would flow from a windfall to ZP that constitutes double recovery. *Robinson*, 599 F.3d at 407; *see* ECF No. 439 at 4. Alternatively, Huffman argues that an offset is appropriate under Rule 60(b)(5), because the Travelers settlement at least partially satisfied the judgment against Huffman. *See* ECF No. 439 at 5. Both arguments fail because Huffman does not demonstrate the amount of overlap—if any—between the Travelers settlement and the judgment based on the jury's verdict.

Huffman posits that, under the "one satisfaction rule," "a non-settling defendant may claim an offset for amounts paid in settlement by other defendants" if the non-settling defendant demonstrates (1) "that the settlement and award (against which the offset is sought) were for the same injury" and (2) that the injury is "indivisible such that there is joint and several liability among the settling and non-settling defendants." ECF No. 439 at 6 (quoting *Crump v. United States Dep't of Navy*, 205 F. Supp. 3d 730, 765 (E.D. Va. 2016)) (alterations accepted); *see also Winston v. Whitlocke*, 9 Va. 435, 436 (1805) ("Upon a joint and several bond, the plaintiff may proceed to take his judgment against the obligors severally; but he can have but one

3

satisfaction."). Assuming without deciding that this standard applies, Huffman fails at step one.

At the core of Huffman's argument is an assumption that because the performance bond made Huffman and Travelers jointly and severally liable for Huffman's breaches of the construction contract, any settlement between ZP and Travelers must cover the same damages the jury charged to Huffman. *See* ECF No. 439 at 5–10; ECF No. 457 at 5 (asserting that ZP "[led] the jury to believe that all damages [we]re Huffman's fault alone" but then recovered "a substantial settlement from Travelers for these same damages that it previously allocated . . . between the defendants"). That is wrong because ZP and Travelers were free to negotiate a settlement that covered breaches ZP did not prove at trial, ZP was free to put to the jury damages separate from those it recovered from Travelers, and the jury was free to award less in damages than ZP attempted to prove. Under any of those circumstances, the judgment against Huffman would not cover the same damages as the settlement with Travelers. And on the evidence before the Court, it is impossible to tell whether any of those things happened.[2]

Huffman points out that ZP put on evidence that Huffman was responsible for all of the delays in its construction project, including those arguably attributable to

---

[2] At Huffman's request and with ZP's agreement, the Court reviewed the settlement agreement *in camera.* ECF No. 464. The agreement states that the settlement resolves "all claims and disputes by and among the [p]arties with respect to the [p]roject" and a number of instruments, including the "[c]onstruction [c]ontract." *Id.* at 6. But it does not specify the amount given as consideration for release of the claims related to Huffman's breach of that contract or any other individual claims.

Travelers and the contractor Travelers hired to take over the project after Huffman. ECF No. 439 at 3. But the jury's verdict did not indicate whether it adopted that theory. *See* ECF No. 414. So Huffman fails to prove that the Travelers settlement could only have covered damages the jury awarded against Huffman.

It is true that both parties are jointly and severally liable under the bond for each other's breaches.[3] ECF No. 62-2 § 1. But that does not guarantee that the same breaches are represented in the settlement agreement and the judgment. Huffman had an opportunity to prove entitlement to an offset—that is, to demonstrate that Travelers had already paid for some of the damages ZP proved at trial—but it did not ask the jury to make that determination, nor did it object to the structure of the jury verdict form ZP submitted. ECF No. 78 ¶¶ 96, 99; *see* ECF No. 414.

Contrary to Huffman's contention, the fact that ZP *pleaded* Huffman and Travelers were jointly and severally liable for breaches of the bond does not mean the settlement and the jury verdict overlap at all—much less that they are coterminous. Even under the standard Huffman advances, it would have to prove "that the settlement and *[the jury's] award* . . . were for the same injury." *Crump*, 205 F. Supp.

---

[3] Travelers had its own obligations under the bond. *See* ECF No. 62-2 § 5. And ZP alleged harm caused by Travelers alone. *See* ECF No. 62 ¶¶ 33–36 (alleging delays and deficient work attributed to Travelers and/or the contractor it hired to complete the construction project after ZP terminated Huffman's role); ¶¶ 37–52 (alleging false statements by Travelers about the project's occupancy readiness).

3d at 765 (citation omitted, emphasis added). Here, the verdict is silent as to which injuries it compensates. *See* ECF No. 414.

The Court has considered whether it would be unjust to permit ZP to keep the Travelers settlement and collect the judgment against Huffman and concludes it would not be. If Travelers had acted only as a conventional surety, and its only liability to ZP were for Huffman's breaches of the construction contract, then the Court could conclude that the settlement between ZP and Travelers must have covered the same ground as the jury's verdict, and a reduction would be required to prevent double recovery. But because Travelers had independent obligations, which ZP alleged it breached, there is a real chance that the settlement encompassed compensation for entirely different harm than ZP proved to the jury and that forms the basis for the judgment against Huffman.[4]

Since Huffman does not prove that the judgment against it would compensate ZP for damages already paid by the Travelers settlement, permitting the judgment to stand does not constitute "manifest injustice." *Robinson*, 599 F.3d at 407. Likewise, because the Court cannot determine that there is any overlap between the judgment

---

[4] That is the critical distinction between this case and the Florida state court decision Huffman points to as "factually and conceptually applicable." ECF No. 439 at 9–10. There, the surety's only role was to insure the construction contractor's work; the surety did not take over the project and commit its own breaches of the bond that could have been the animating basis for some or all of the settlement. *See Close Constr., LLC v. City of Riviera Beach Util. Special Dist.*, 388 So. 3d 822, 824 (Fla. Dist. Ct. App. 2024), *reh'g denied* (July 30, 2024), *review denied*, No. 2024-1271, 2025 WL 1683683 (Fla. June 16, 2025).

and the settlement, it cannot find that "the judgment has been satisfied"—even in part—by the Travelers settlement. Fed. R. Civ. P. 60(b).

## IV.    CONCLUSION

Accordingly, Defendant Huffman Contractors, Inc.'s motion to alter the judgment (ECF No. 438) is **DENIED**.

**IT IS SO ORDERED**.

/s/

Norfolk, Virginia                      Jamar K. Walker
July 2, 2026                            United States District Judge