**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

| | |
|---|---|
| ZP NO. 332, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HUFFMAN CONTRACTORS, INC.,<br><br>Defendant. | Case No. 2:24-cv-611 |

**OPINION & ORDER**

Plaintiff ZP No. 332, LLC seeks attorney fees arising out of its breach of contract suit against Defendant Huffman Contractors, Inc. and defense of a counterclaim by former defendant Travelers Casualty and Surety Company of America. The indemnity clause in the parties' contract does not entitle ZP to attorney fees without proof of negligent conduct by Huffman, and as the Court has already found, ZP put on no evidence of negligent conduct. ZP's arguments about contract interpretation also separately fail. However, Virginia common law entitles ZP to recover fees it incurred defending Travelers's counterclaim. Therefore, the motion will be granted in part and denied in part.[1]

## I. BACKGROUND

ZP hired Huffman as the general contractor on a real estate development project. Huffman breached the contract. *See* ECF No. 75 (granting summary

---

[1] The Court has considered the arguments in the parties' briefing and concluded there is no need to hold a hearing on the motion. *See* Fed. R. Civ. P. 78(b); E.D. Va. Civ. R. 7(J).

judgment as to breach). ZP sued Huffman and the parties' surety—Travelers—and Travelers counterclaimed. ECF Nos. 1-1, 16.

The contract between ZP and Huffman contains the following indemnity provision:

> To the fullest extent permitted by law, [Huffman] shall indemnify, reimburse, hold harmless, and defend [ZP] . . . from and against claims, damages, losses and expenses, including, but not limited to, attorneys' fees . . . arising out of or resulting from performance of the Work, but only to the extent caused in whole or in part by negligent acts or omissions of [Huffman], a Subcontractor, a Sub-Subcontractor, a material or equipment supplier, or anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether such claim, damage, loss or expense is caused in part by a party indemnified hereunder.[2]

Trial Exh. J003 § 4.15.1.

## II. LEGAL STANDARDS

### A. Law of the Case

"[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16 (1988) (cleaned up).

---

[2] The Court previously voided the indemnity clause's attempt to impose liability "regardless of whether such claim, damage, loss or expense is caused in part by a party indemnified." ECF No. 132 at 3–4. Because ZP's motion fails on other grounds, the Court need not address the parties' dispute about whether the remainder of the indemnity provision is severable and enforceable. *See* ECF No. 429 at 7 n.2; ECF No. 432 at 4–5; ECF No. 433 at 4–10.

Huffman filed a motion for leave to submit supplemental authority related to this issue. ECF No. 436. The Court will deny that request as moot.

### B. Contract Interpretation

When a court is asked to decide the meaning of a contract term, "[t]he question . . . is what [] the parties agree[d] to as evidenced by their contract." "*Schuiling v. Harris*, 747 S.E.2d 833, 836 (Va. 2013) (citation omitted). The court must give effect to all the words in the contract "if reasonably possible." *Bartolomucci v. Fed. Ins. Co.*, 770 S.E.2d 451, 456 (Va. 2015) (quotation marks and citation omitted). And "when a contract is ambiguous, [courts] will look to parol evidence in order to determine the intent of the parties." *Robinson-Huntley v. George Washington Carver Mut. Homes Ass'n, Inc.*, 756 S.E.2d 415, 418 (Va. 2014).

### C. Attorney Fees at Common Law

"The general rule in [Virginia] is that in the absence of a statute or contract to the contrary, a court may not award attorney[] fees to the prevailing party." *Prospect Dev. Co. v. Bershader*, 515 S.E.2d 291, 300 (1999). But there are exceptions to that rule. For one, "[w]here a breach of contract has forced the plaintiff to maintain or defend a suit with a third person," Virginia common law entitles the plaintiff to reasonable attorney fees associated with the third-party claim. *Id.* at 301 (collecting cases).

## III. ANALYSIS

### A. Fees Associated with Prosecuting the Claims Against Huffman

First and foremost, the Court has already ruled that "no 'negligent acts or omissions' by Huffman gave rise to ZP's claimed attorney fees." ECF No. 293 at 22. Therefore, the Court is "obliged" to hold that its earlier decision "govern[s] the same issue" at this "subsequent stage[]" of the litigation. *Christianson*, 486 U.S. at 815–16.

But ZP contends that decision was wrong because it flowed from Virginia's source of duty rule, which ZP says is unrelated to the question presented here. ZP asks the Court to determine entitlement to attorney fees as a matter of contract interpretation only, without reference to the source of duty rule. ECF No. 429 at 6–14. Out of an abundance of caution, the Court will do so.

The Court agrees (and Huffman does not dispute) that 'negligent acts or omissions' by Huffman or those working for it are the "trigger" for fees entitlement under the indemnity clause. ECF No. 429 at 5, 6, 10. ZP contends that "a party commits a 'negligent act or omission' when it fails to use the level of ordinary care required of it" and that all of Huffman's breaches of contract were 'negligent acts or omissions' in that sense, because "the level of ordinary care required [of] Huffman is set forth in the [] [c]ontract." *Id.* at 16.

ZP blends two concepts here. It is not possible for a negligence duty to arise from a contract. That reasoning does not flow from the source of duty rule; it is the foundational principle *behind* the rule. However, in the interest of clearing a path through ZP's tangled arguments and bringing this lengthy litigation to an end, the Court will assume without deciding that ZP's proposed duty standard applies.

Even adopting ZP's contention regarding the relevant duty of care, 'negligent' in the context of the indemnity provision cannot mean 'falling below the care required under the contract.' That reading would render meaningless the limiting language—"only to the extent caused in whole or in part by negligent acts or omissions"—since every breach would violate the level of care the contract requires. So the Court cannot accept ZP's proposed reading. *See Bartolomucci*, 770 S.E.2d at 456. That would be

enough to defeat the motion even if the law of the case ruling described above did not exist.

The Court has also considered whether contract interpretation beyond what ZP argues, would resolve the matter in ZP's favor. It would not.

The phrase 'negligent acts or omissions' is susceptible to two interpretations besides the one ZP proposes: (1) A 'negligent act or omission' could distinguish unintentional breaches from intentional or malicious ones, *cf. Wright v. Everett*, 90 S.E.2d 855, 859 (Va. 1956) (punitive damages available only for malicious breach of contract); *Old Dominion Freight Line, Inc. v. Standard Sec. Life Ins. Co. of N.Y.*, No. CH05-1870, 2007 WL 6013705, at *4 (Va. Cir. July 18, 2007)[3] (contemplating a distinction between "negligent performance, or intentional non-performance, of contractual duties"); (2) the phrase could refer to negligent conduct not directly related to the contract duties, such as the kind that would give rise to a job-site personal injury claim, *cf. Uniwest Const., Inc. v. Amtech Elevator Servs., Inc.*, 669 S.E.2d 223, 231 (Va. 2010), *separate part of opinion withdrawn on reh'g*, 281 Va. 509, 714 S.E.2d 560 (Va. 2011) (subcontract required subcontractor's insurer to defend and indemnify contractor for negligence actions brought by injured subcontractor employee).

But ZP has not argued for either of those interpretations, and as the party seeking entitlement to attorney fees under the contract, it bears the burden of proof.

---

[3] This case happened to deal in part with the source of duty rule. *See Old Dominion Freight Line*, 2007 WL 6013705, at *4. The Court does not rely on that case here for any proposition except that Virginia courts may recognize a distinction between intentional and unintentional breaches of contract.

*See Robinson-Huntley*, 756 S.E.2d at 418. Arguing instead that the contract be interpreted according to its plain and ordinary meaning, ZP has not provided any evidence from which the Court could resolve an ambiguity.[4] So the Court cannot decide what the parties meant; it must simply conclude that, when the question is considered afresh as the motion requests, ZP does not carry its burden to demonstrate entitlement to attorney fees under the contract.

Finally, ZP cites *Chesapeake & Potomac Tel. Co. v. Sisson & Ryan Inc.* for the proposition that the Virginia Supreme Court has "enforce[d]" indemnity provisions notwithstanding language "relating to 'negligent acts or omissions.'" 362 S.E.2d 723 (Va. 1987). But the meaning of the phrase was not at issue in *Chesapeake & Potomac Tel. Co.*, so that case tells this Court nothing about how the Virginia Supreme Court would interpret the contract between ZP and

[4] Considering the two possible readings of 'negligent act or omission' in the abstract, the Court finds it unlikely that the parties intended the disputed language to distinguish unintentional breaches from intentional or malicious ones. It is hard to imagine why they would agree that Huffman would indemnify ZP for attorney fees arising out of unintentional breaches of contract but not for those that stemmed from more serious conduct, especially when the latter might give rise to additional damages. *See Wright*, 90 S.E.2d at 859.

The second interpretation is far more plausible: Perhaps the parties meant for Huffman to cover ZP's attorney fees if, for example, ZP were forced to defend a lawsuit by a third party who was injured by a Huffman employee while the employee was working on the contract. But that is not what happened here. So even if the Court were to take its best guess, absent parol evidence, about what the parties intended should trigger the indemnity clause, ZP's motion would fail.

The Court does not rely on this reasoning in reaching its decision, because ZP's failure to carry its burden is sufficient. Rather, this explanation serves to demonstrate that, even if the Court were inclined to do ZP's work for it, the motion would likely not succeed.

Huffman. And the fact that an indemnity provision with language similar to the one here was enforced despite a *different* challenge has no bearing on the outcome in this case.

No matter how the Court slices it, ZP fails to prove a contractual entitlement to attorney fees related to its action against Huffman.

### B. Fees Associated with Defending Travelers's Counterclaim

Huffman does not dispute that its breaches of contract "forced [ZP] to maintain or defend" Travelers's counterclaim. *Carlson*, 705 S.E.2d at 109; *see* ECF No. 429 at 20 (ZP raising this theory of recovery); *but see generally* ECF No. 432 (Huffman not addressing the argument). Therefore, the Court finds that Virginia common law entitles ZP to recover the reasonable attorney fees it incurred defending the counterclaim. *See Carlson*, 705 S.E.2d at 109.

## IV. CONCLUSION

Plaintiff ZP No. 332, LLC's motion for attorney fees (ECF No. 428) is **GRANTED IN PART** and **DENIED IN PART**. The request for fees associated with defending Travelers Casualty and Surety Company of America's counterclaim is granted, but the request for fees associated with prosecuting the claims against Huffman Contractors, Inc. is denied.

Huffman's motion for leave to submit supplemental authority (ECF No. 436) is **DENIED AS MOOT**.

ZP is **DIRECTED** to file a brief and accompanying documentation outlining reasonable attorney fees arising out of its defense of Travelers's counterclaim, on or

before September 18, 2026. Huffman may, but is not required to, file a response on or before October 2, 2026.[5] Neither brief shall exceed 10 pages.

**IT IS SO ORDERED.**

/s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
August 28, 2026

[5] The Court intends to grant Kalbaugh, Pfund & Messersmith, P.C., Wayne Barry Montgomery, Jr., and Henry U. Moore's motion for leave to withdraw as attorneys for Huffman (ECF No. 458). If Huffman wishes to file a response to ZP's forthcoming submission, it must do so through counsel. *See Rowland v. Calif. Men's Colony, Unit II Men's Advisory Counsel*, 506 U.S. 194, 202 (1993) ("Corporations . . . and other artificial entities" may "appear in federal courts only through licensed counsel.").